PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* DOMINGO COLLAZO, Defendant and Appellant.

Nos. 3500, 3501.   Argued December 6, 1928.—Decided December 24, 1928.

*Pedro E. Anglade* and *R. Martínez Nadal* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

These two cases were tried together and the questions submitted for determination are the same.

Domingo Collazo was charged before the Municipal Court of Guayama with selling alcoholic liquor to a minor and with violating the National Prohibition Act. The charges were made in two separate complaints, in which it was alleged that by his clerk and employee, Julio Santana, and in the shop owned by him he sold to the minor Salvador Santiago a pint bottle of rum, an alcoholic beverage. The two cases were tried in that court and later on appeal in the District Court of Guayama which found the accused guilty and

sentenced him to fifteen days in jail for selling liquor to the minor and to pay a fine of five hundred dollars and suffer imprisonment for three months for violating the National Prohibition Act.

At the beginning of the trials in both cases the defendant moved for dismissal under sections 451 and 452 of the Code of Criminal Procedure based on the fact that the lower court had dismissed the two cases on its own motion. The district attorney objected and the court decided to hear the evidence. It was proved that the Municipal Court of Guayama took original jurisdiction of the complaints against Domingo Collazo for selling liquor to a minor and for a violation of the Prohibition Act and ordered their dismissal in both cases, but ordering also the presentation of new complaints. This was done and after trial the same court sentenced the defendant to pay a fine of ten dollars on the charge of selling liquor to a minor and to two months in jail and a fine of five hundred dollars for violating the Prohibition Act. The motions to dismiss were overruled and the defendant took an exception.

The evidence was as follows:

Rafael Milán, corporal of Insular Police on duty in Guayama, testified that about 9 o'clock at night on June 4, 1927, on Derkes street, Guayama, he surprised the minor Salvador Santiago with a pint bottle of rum; that the witness went later with the internal revenue agent and a policeman and searched the establishment of Domingo Collazo but found no liquor there; that on another occasion the witness brought a charge against Collazo for unlawfully keeping and selling intoxicating liquors; that he went to search Collazo's shop an hour after having arrested Salvador Santiago with the liquor.

Salvador Santiago testified that he was fifteen years old; that on June 4, 1927, he saw Domingo Collazo in his shop on Derkes street, Guayama, where he had gone to buy; that

he did not buy liquor nor was any bottle taken from him; that he had testified before the municipal judge that he bought a bottle or a half bottle because corporal Milán told him to testify that he had bought it from Domingo Collazo and had threatened to beat him, and the witness so testified in order not to be on bad terms with the corporal. A declaration was given to him to read and he denied it.

Julio Santana, who was a clerk of the defendant at the time referred to in the complaint, testified that on June 4, 1927, he sold to Salvador Santiago a pint bottle of rum for 50 cents; that the rum was the property of Domingo Collazo; that he kept it in the safe and gave the witness the key when he asked him for it in order to sell the rum which the witness was authorized and instructed by Collazo to sell; that Collazo took the 50 cents and was present when the rum was sold, and that he knew that its sale was against the law, but he had been authorized by Collazo to make it. The defense moved to strike out the testimony because it was given by an accomplice. The court overruled the motion and the defense excepted.

Rafael Milán took the stand again in order to identify the bottle taken by him from Santiago. Gumersindo Sánchez, clerk of the Municipal Court of Guayama, was called to exhibit the judgment against Domingo Collazo in a former case for violation of the Prohibition Act. To the same effect was the testimony of Luis F. Camacho, municipal judge of Guayama, and Rafael Milán testified again that he had made the complaint in the first case.

Several witnesses for the defense testified that on the night of June 4, 1927, between eight and nine o'clock no transaction in liquor took place in the shop of Collazo. Juan Silva Ocasio, internal revenue agent in Guayama, and Andrés Carire, a policeman, also testified that on June 4 they searched the establishment of Domingo Collazo, including the cash register and the safe, and found no rum nor alcohol;

that the search was made between 9:30 and 10 p. m. The defendant testified that he had discharged his clerk, Julio Santana, because he knew that he had sold a pint bottle of rum on information given to him by the marshal.

That was the evidence.

Three errors are now assigned by the appellant. The first refers to the overruling of the motion to dismiss, the second to the refusal to strike out the testimony of Julio Santana and the third to the weighing of the evidence.

The principal question in this appeal is that which refers to the testimony of Julio Santana. This witness said · he knew when he sold the pint bottle of rum that he was committing a crime. He is an accomplice, if his testimony is believed. In that case his testimony must be corroborated as. required by section 253 of the Code of Criminal Pro cedure.

"The general rule for determining whether a witness is an accomplice of the defendant is whether he could be charged with the same offense, for if he can not, then he is not an accomplice . . . .

"An accomplice is one who co-operates or assists in the commission of a crime."

That was held by this court in *People* v. *Buxó,* 29 P. R.R. 75.

In *People* v. *Martínez,* 32 P.R.R. 878, the defendant was acquitted because the evidence which connected him with the crime was the uncorroborated testimony of an accomplice.

In this jurisdiction the legal doctrine which holds that the uncorroborated testimony of an accomplice is not sufficient for the conviction of a defendant, has always been sustained.

Witness Julio Santana was undoubtedly an accomplice, if his testimony is accepted. He said that he cooperated in the commission of the offense in such a way that he might have been prosecuted, tried and convicted, and his testimony has not been corroborated.

The errors assigned under numbers two and three were

committed by the court. After this it is unnnecessary to consider the first assignment.

The judgment appealed from must be reversed and substituted by another acquitting the defendant in both cases.